IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY WISSER and CATHLEEN WISSER, | : <br> : <br> : |
| Plaintiffs, | :     CIVIL ACTION NO. 21-5017 <br> : |
| v. | : <br> : |
| MR. BRUCE BROWN, individually and as agent for United States Dept. Agriculture; THE UNITED STATES DEPARTMENT OF AGRICULTURE; and JOHN and JANE DOES 1-10, | : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## ORDER

**AND NOW**, this 21st day of January, 2022, Larry Wisser and Cathleen Wisser (the "Wissers"), having filed two *pro se* actions which have been assigned to the undersigned, *see* Civ. A. Nos. 21-5017, 21-5110; and the court having considered the Wissers' motion for stay, temporary restraining order, and permanent injunction (Doc. No. 7); and the court having held an in-person hearing on the status of both actions on December 20, 2021; and after a telephone conference today, it is hereby **ORDERED** as follows:

    1.    The application for leave to proceed *in forma pauperis* (Doc. No. 1) is **GRANTED**, and the plaintiffs have leave to proceed *in forma pauperis*;

    2.    The clerk of court is **DIRECTED** to remove Scott Waterman as a defendant from this action;

    3.    The motion for stay, temporary restraining order, and permanent injunction (Doc. No. 7) is **DENIED**;[1]

---

[1] The Wissers ask the court to grant injunctive relief against the United States Department of Agriculture and one of its agents to prevent the seizure and sale of their farm through foreclosure. At a hearing on the motion before the court,

4. The Wissers shall have until **February 21, 2022** to file an amended complaint. If the Wissers choose to stand on their original complaint rather than file an amended complaint, they shall notify the court of such on or before **February 18, 2022**. If the Wissers do not file an amended complaint or a notice, the court will assume they intend to stand on their original complaint;

5. The government shall have until **March 23, 2022** to file a response to the amended complaint (or original complaint if no amended complaint is filed);

6. The court will hold a telephone status conference with the parties on **Tuesday**, **March 29, 2022**, at **2:00 p.m.** The Wissers and defense counsel shall call 1-571-353-2300 and use pin 363973916# to enter the conference call;

7. The clerk of court shall **MAIL** a copy of this order to Larry Wisser and Cathleen Wisser at 8149 Bausch Road, New Tripoli, Pennsylvania 18066; and

8. The clerk of court shall **E-MAIL** a copy of this order to Tim Wasser at wassertim@yahoo.com.[2]

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

the Wissers represented that the foreclosure sale in question already occurred, and that the sale resulted in the farm being purchased by another party. Accordingly, the court lacks the power to grant the retrospective relief the Wissers now request.

To be granted a temporary restraining order or preliminary injunctive relief, "[a] plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) the probability of irreparable harm if the relief is not granted; (3) that granting injunctive relief will not result in even greater harm to the other party; and (4) that granting relief will be in the public interest." *Pileggi v. Aichele*, 843 F. Supp. 2d 584, 592 (E.D. Pa. 2012) (citations omitted). Because the Wissers have not demonstrated a likelihood that they will succeed on the merits of their claim, the court will deny the motion for injunctive relief.

[2] The Wissers have previously represented to the court that Tim Wasser is their pastor and that they can be contacted through their church.