# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LARRY WISSER & | : | |
| CATHLEEN WISSER | : | |
| | : | |
| *Plaintiffs,* | : | |
| | : | |
| v. | : | 5:21-cv-5017-EGS |
| | : | |
| BRUCE BROWN & | : | |
| UNITED STATES | : | |
| DEPT. OF AGRICULTURE | : | |
| | : | |
| *Defendants.* | : | |

## ORDER

AND NOW, this_____ date of _____, 2022, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, and any response filed thereto, it is ORDERED that the Motion is GRANTED and Plaintiffs' Amended Complaint is DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
HONORABLE EDWARD G. SMITH
*Judge, United States District Court*

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARRY WISSER &                           :
CATHLEEN WISSER                          :
                                         :
          *Plaintiffs,*                  :
                                         :
v.                                       :          5:21-cv-5017-EGS
                                         :
BRUCE BROWN &                            :
UNITED STATES                            :
DEPT. OF AGRICULTURE                     :
                                         :
          *Defendants.*                  :

## DEFENDANTS' MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully move to dismiss all of the counts of Plaintiffs' Amended Complaint for failure to state a claim. Additionally, Defendants move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss Plaintiffs' common law fraud, Freedom of Information Act, and Fair Debt Collection Procedures Act claims for lack of subject-matter jurisdiction. The reasons for this Motion are explained more fully in the accompanying Memorandum of Law.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

GREGORY B. DAVID
Chief, Civil Division

*/s/ Susan R. Becker*
SUSAN R. BECKER
Deputy Chief – Defensive, Civil Division

*/s/ Matthew E. K. Howatt*
MATTHEW E. K. HOWATT
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov

Dated:   March 23, 2022

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

LARRY WISSER &                          :
CATHLEEN WISSER                         :
                                        :
         *Plaintiffs,*                  :
                                        :
v.                                      :          5:21-cv-5017-EGS
                                        :
BRUCE BROWN &                           :
UNITED STATES                           :
DEPT. OF AGRICULTURE                    :
                                        :
         *Defendants.*                  :

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

JENNIFER ARBITTIER WILLIAMS
United States Attorney

GREGORY B. DAVID
Chief, Civil Division

SUSAN R. BECKER
Deputy Chief – Defensive, Civil Division

MATTHEW E. K. HOWATT
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov

Dated:   March 23, 2022

# Contents

I.   INTRODUCTION ...................................................... 1

II.  FACTUAL BACKGROUND ............................................. 2

III. GENERAL PLEADING STANDARDS ................................... 6

IV.  ARGUMENT ........................................................ 8

   A.   The Court Lacks Subject-Matter Jurisdiction Over the Wissers' Fraud
        Claims. ....................................................... 9

   B.   The Wissers Fail to Plead Fraud with Particularity, or Even Plausibility.. 12

   C.   The Wissers Do Not Show Any FOIA Requests, or Any Timely
        Administrative Exhaustion of Any FOIA Disputes. ............... 15

   D.   The Fair Debt Collection Practices Act Does Not Apply............. 17

   E.   The Wissers' Conclusory Constitutional Allegations Also Fail. ....... 18

V.   CONCLUSION...................................................... 19

## I.   INTRODUCTION

Larry and Cathleen Wisser owe the United States Department of Agriculture ("USDA") hundreds of thousands of dollars for five farm loans they have received since 2004. The validity of those debts is not at issue in this case. Instead, the Wissers seemingly allege that they were defrauded out of certain farm loan funds by the USDA and its agent, Bruce Brown. However, fraud is not a cognizable cause of action against the United States, its agencies, and its employees. The Federal Tort Claims Act excludes fraud from its waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h). In any event, the Wissers do not plead sufficiently particularized or even plausible facts to support their fraud allegations (likely because they are untrue). Therefore, the Wissers' fraud claims should be dismissed.

The Wissers' other causes of action likewise fail as a matter of law. As to alleged denials of Freedom of Information Act, 5 U.S.C. § 552a ("FOIA") requests— for which they provide no detail—the Wissers fail to demonstrate timely administrative exhaustion. Also, the Fair Debt Collection Practices Act does not apply the United States or its employees. Finally, the Wissers fail to explain any reason why there have been violations of equal protection or due process under the Fifth Amendment. Therefore, the Court should also dismiss the Wissers' additional claims.

## II.    FACTUAL BACKGROUND

As the Amended Complaint, Dkt. No. 27 ("Compl.") states, this case arises from loans provided by USDA to the Wissers for their New Tripoli, Pennsylvania farm, and Brown was USDA's primary agent in administering those loans. Compl. at 3. The general history and amount of those five farm loans is set forth in more detail in Exhibit 1 (USDA Response to Objection to Proof of Claim, dated December 7, 2018 submitted in Bankr. Case No. 18-14949 and its accompanying exhibits). USDA asserts that the aggregate principal (i.e., without interest) amount of loans disbursed was $510,000.[1] Of particular note, all five of those loans were restructured at the Wissers' request, with their acknowledgement, and for their benefit. *See id.*

Unfortunately, the Wissers' farming business has been financially troubled, which has led them to file four separate bankruptcy cases. *See* Bankr. Case Nos., 18-14949, 19-12655, 19-15280, and 20-14201 (Bankr. E.D. Pa.). All those bankruptcies were dismissed without a discharge because of various procedural issues. Transcript of Oral Ruling, Bankr. Case No. 20-14201, Dkt. 233, attached as Exhibit 3 ("Tr."), at 2:15-3:9. The most recent of those cases was dismissed on the

---

[1]    Additionally, USDA includes as Exhibit 2 the updated Proof of Claim, filed on November 23, 2020, in the Wissers' most recent bankruptcy case. The Wissers have made various objections to the USDA's claims in the bankruptcies—but those were never resolved because the bankruptcy cases were dismissed for other reasons. The Court need not resolve the amount owed by the Wissers to USDA because that is not part of the legal dispute in this case. USDA provides this as important context, which, as noted below, the Court can consider as part of USDA's motion to dismiss under Rule 12(b)(1). Additionally, to the extent that the Wissers seek to have this Court review the amounts owing to USDA, they provide no legal basis to allow this Court to do so.

motion of Chapter 12 Bankruptcy Trustee, Scott Waterman, with a six-month bar to refiling because Bankruptcy Judge Patricia Mayer found that the Wissers had acted in bad faith. Tr. at 2:15-21; 11:24-12:2. Judge Mayer found that: (1) the Wissers had made and asked others to make dishonest statements to the Bankruptcy Court (*id.* at 13:10-14:19); (2) the Wissers had hidden assets (*id.* at 12:3-8); and (3) the Wissers had fraudulently transferred assets (*id.* at 12:9-13:9)—all so that the Wissers could obstruct the administration of their bankruptcy estate.

The Wissers filed the Original Complaint, Dkt. No. 2, in the instant case on November 11, 2021, along with an appeal of the Bankruptcy Judge Mayer's dismissal, the latter of which is docketed at Civil Case No. 21-5110 (the "Bankruptcy Appeal"). After the Court clarified the proper parties, Trustee Waterman was dismissed from this case and USDA and Brown were dismissed from the Bankruptcy Appeal. *See* Dkt. No. 15; Bankruptcy Appeal Dkt. No. 18. Ultimately, this Court dismissed the Bankruptcy Appeal because the Wissers did not follow procedural requirements, even after being warned by the Court that the Bankruptcy Appeal was procedurally deficient. *See* Bankruptcy Appeal, Dkt. No. 26.

The Court held an in-person status hearing in this matter on December 20, 2021. Additionally, the Court held another telephonic status hearing on January 21, 2022. The Wissers' claims were discussed at length during those hearings. Defendants' counsel expressed that he intended to move to dismiss, including because the Wissers had not pled their fraud claim with particularity and they had

not provided any basis to believe that Brown was acting outside the scope of his employment.[2]

On January 21, 2022, the Court issued an omnibus order (the "Order"). *See* Dkt. No. 15. First, the Order denied any temporary restraining order or preliminary injunction against USDA or Brown. The Court noted that it lacked any power over the previous foreclosure sale of the Wissers' farm involving third parties. *Id.* n. 1. Also, the Court generally found that the Wissers had not demonstrated a likelihood of success on the merits. *Id.* The Court gave the Wissers until February 21, 2022 to file an amended complaint, if they wished. *Id.* at 2. Defendants would respond to the operative complaint by March 23, 2022. *Id.*

The Wissers did not file an amended complaint by the February deadline. Instead, on or about January 31, 2022, they renewed their  motion for injunctive relief. Dkt. No. 17. The Court *sua sponte* denied that motion on February 4, 2022. Dkt. No. 20.[3]

Then, on March 18, 2022, the Wissers filed an Amended Complaint in this case, Dkt No. 27, as well as in the now-dismissed Bankruptcy Appeal, Dkt. No. 31. Despite the Court and counsel suggesting that the Original Complaint suffered various pleading deficiencies, the Amended Complaint is largely the same as the

---

[2]     The undersigned AUSA voluntarily provided the Wissers with copies of discovery that USDA had previously produced to the Wissers' counsel in their underlying bankruptcy. At the January 21 status hearing, the Wissers confirmed on the record that they had received the documents.

[3]     The Wissers made yet another nearly identical filing seeking injunctive relief, Dkt. No. 21, which the Court also dismissed *sua sponte*, Dkt. No. 28.

Original Complaint, with a few additional inconsequential claims. Among other things, by making allegations against Trustee Waterman, and refiling the Amended Complaint in the Bankruptcy Appeal, the Amended Complaint ignores the Court's prior orders and directions at the status conferences.[4]

As best as can be discerned from the meandering Amended Complaint, the Wissers assert five causes of action: (1) common law fraud; (2) improper denial of FOIA requests; (3) violation of equal protection and (4) due process under the Fifth Amendment to the United States Constitution; and (5) violations of the Fair Debt Collection Practices Act.[5]

As to the fraud allegations, the Wissers seemingly allege that Brown, as USDA's agent, "misappropriated and absconded" with around $800,000 total in farm loan funds that should have gone to the Wissers.[6] The Amended Complaint also mentions $300,000 in payments collected from Land O'Lakes. Compl. at 10. Apparently, the Wissers do not seek restitution for those funds. *Id*. Rather, they primarily seek expenses from their bankruptcies that were allegedly caused because of these stolen funds. *Id*. at 6.

---

[4]     Pursuant to the Court's prior orders, USDA and Brown assume that: (1) they will be dismissed from any further proceedings in the Bankruptcy Appeal; and (2) Trustee Waterman will be dismissed from this case.

[5]     In its preamble, the Complaint also references "bad faith deceptive process/abuse of process." The Complaint says nothing further about that. To the extent that this could be construed as asserting a cause of action, such conclusory allegations do not state a claim.

[6]     This amount is totaled from the amount in paragraphs 1 ($150,000) and 2 ($255,00, $40,000, and $30,000) on page three and paragraph 6 ($300,000) on page five of the Amended Complaint.

Additionally, the Wissers allege that USDA and Brown fraudulently seized their cow herd at some unknown point. *Id.* at 9. The Wissers fail to acknowledge that, in January 2019, Bankruptcy Judge Ashely Chan authorized the sale of certain of the Wissers' cows. Bankruptcy Case No. 18-14949 (E.D. Pa.), Dkt. No. 86 (attached hereto as Exhibit 4). Following a hearing, Judge Chan granted the motion of the Chapter 7 Trustee to sell the livestock because the animals were not being cared for. *See* Dkt. No. 85 (Minute Entry for Hearing). Therefore, contrary to the Wissers' allegation, it was not USDA who caused the sale of their cow herd.[7] Additionally, as Judge Mayer found in the most recent bankruptcy, the Wissers also currently own a herd of 62 cows. Tr. at 3:10-11; 10:3-19.

While the March 18 Amended Complaint was nearly one month late given the Court's February 21 deadline, it remains as meritless as the Original Complaint. Even if the Court considers the late-filed Amended Complaint, the Court can dismiss it for the reasons set forth below.

## III. GENERAL PLEADING STANDARDS

Certain of the motion to dismiss grounds involve a lack of subject-matter jurisdiction under Rule 12(b)(1), and those are discussed in detail below. The rest of the motion to dismiss involves the Wissers' failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which tests the legal sufficiency of the complaint. *See*, *e.g.*, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In

---

[7]   This bankruptcy was dismissed because of the Wissers' failure to twice show up at the meeting of creditors, as required by the Bankruptcy Code, 11 U.S.C. §§ 341(a), (d). *See* Dkt. Nos. 89-93.

reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court is required to accept "as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The court, however, is not required to accept as true legal conclusions or bald assertions masquerading as factual allegations. *See*, *e.g.*, *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997).

As discussed further below, the Wissers' fraud allegations are subject to the heightened particularity pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure. Otherwise, the Wissers' claims are evaluated under Rule 8.

Even under Rule 8, although a complaint need not set forth detailed factual allegations, the Supreme Court has emphasized that it is the plaintiff's obligation to provide "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has cautioned that "a formulaic recitation of the elements of a cause of action will not do." *Id*. To survive a motion to dismiss, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Supreme Court has stated that this "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 n.3. A complaint is not sufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. In *Twombly*, the Supreme Court held that a complaint must be dismissed if it does not allege "enough facts to

state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ethypharm, S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231 n.14 (3d Cir. 2013).

A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* It is not sufficient that a plaintiff's claim is merely "conceivable." *Id.* at 680. "[U]nadorned, the-defendant-unlawfully-harmed-me" allegations are insufficient. *Id.* at 670. "[L]abels and conclusions" are not enough, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). The Supreme Court emphasized in *Iqbal* that where the complaint pleads facts that "are 'merely consistent with' a defendant's liability," the plaintiff has failed to meet the standard of showing the "plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 670 (quoting *Twombly*, 550 U.S. at 556).

## IV.   ARGUMENT

Ultimately, the United States and its agent, Bruce Brown, would dispute the merits of the Wissers' claims. Based on all available information, there was no fraud on the Wissers or theft of monies from them by the government or its agents. To the contrary, the Wissers owe hundreds of thousands in debts to the United States from the farm loans. The validity of those debts is not at issue in this case and the Court

need not resolve any of that because the Wissers have failed to plead cognizable claims, either as a matter of subject-matter jurisdiction or failure to state a claim. Thus, the Wissers' Amended Complaint should be dismissed as a matter of law.

## A.    The Court Lacks Subject-Matter Jurisdiction Over the Wissers' Fraud Claims.

As explained below, the Federal Tort Claims Act states that the United States has not waived sovereign immunity for fraud suits against it or its employees. Accordingly, this Court lacks subject-matter jurisdiction over the Wissers' fraud claims against USDA and its employee, Bruce Brown.

Federal courts have limited jurisdiction, possessing only that power granted by the Constitution or authorized by Congress. *See generally Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Accordingly, a district court may hear a case only if it is authorized to do so by a congressional grant of subject-matter jurisdiction. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94−95 (1998) (internal citation omitted).

The "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Waivers of sovereign immunity cannot be implied, but must be unequivocally expressed. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Such

9

statutory waivers are to be strictly construed in favor of the sovereign. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999); *Orff v. United States*, 545 U.S. 596. 601-02 (2005); *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009).

If the Court lacks subject-matter jurisdiction to hear a claim, the defendant may move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1). In reviewing a factual attack to the Court's jurisdiction, the court may consider evidence outside the pleadings and independently evaluate the evidence, rather than assuming that the plaintiff's allegations are true. *Gould Elec. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *CNA v. United States*, 535 F.3d 132, 140 & 145 (3d Cir. 2008); *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000). The plaintiff bears the burden of proving that jurisdiction exists. *Gould Elec.*, 220 F.3d at 178; *CNA*, 535 F.3d at 145.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, governs tort actions against federal agencies, including USDA. The FTCA is a limited waiver of sovereign immunity, making the United States liable to the same extent as a private party for certain torts of "employees of the government" acting within the scope of their employment. *United States v. Orleans*, 425 U.S. 807, 813 (1976); *see also* 28 U.S.C. § 1346(b)(1).

However, the FTCA does not waive sovereign immunity for all torts: Section 2680(h) specifically preserves sovereign immunity for claims "arising out of . . . misrepresentation [or] deceit." 28 U.S.C. § 2680(h). As the Third Circuit has explained, "[a]s a result, courts have consistently held that fraud claims against the

government are not permitted under the FTCA." *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995); *see also Shaw v. United States Postal Servs.*, Civil Case No. 18-651; 2018 WL 5885900, at *3 (E.D. Pa. Nov. 9, 2018) (same). Therefore, under this binding precedent, the Wissers' fraud claims against USDA fail.

The Wissers' fraud claims against Brown fail under the above-cited FTCA provision excluding fraud. It is uncontested that Brown was an employee of USDA during the relevant time. *See* Compl. at 3. Individual federal employees generally enjoy absolute immunity from tort claims. *See Schrob v. Catterson*, 967 F.2d 929, 934 (3d Cir. 1992). The FTCA states that the United States, rather than its individual employees, is the proper defendant in any suit arising from federal employees' tortious actions occurring within the scope of their employment. *See* 28 U.S.C. § 2679(b).

Accompanying this motion, the United States has provided the required FTCA certification that Brown was acting within the scope of his employment. *See* 28 U.S.C. § 2679(d); Certification of Scope of Employment, attached as Exhibit 5. "[T]he [Department of Justice's] certification, although subject to judicial review, is *prima facie* evidence that the employee's challenged conduct was within the scope of employment," making the United States, rather than the individual, the appropriate defendant. *Schrob*, 967 F.2d at 935. However, "[i]f the matter is disputed, the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification." *Id.*

11

The Complaint makes no allegations suggesting that Brown was not working within his scope of employment. To the contrary, by asserting fraud claims against both Brown *and* USDA, the Wissers' concede that Brown was working in concert with and in the interest of the USDA. In any event, as the loan documentation shows, rather than previously challenging anything to do with the farm loans, the Wissers requested and, with their signed acknowledgement, obtained restructurings of all five loans to re amortize and benefit the Wissers. *See* Ex. 1 & 2. These contemporaneous actions by the Wissers belie their current allegations of some nefarious scheme to defraud them by Brown or anyone else associated with USDA. As the Wissers cannot rebut that Brown was acting within scope of his federal employment, the Court should dismiss the allegations against Brown. *See*, *e.g.*, *Shaw*, 2018 WL 5885900, at *7-8 (dismissing fraud and other allegations against individual federal employees who were within scope of employment).

## B.    The Wissers Fail to Plead Fraud with Particularity, or Even Plausibility.

The Wissers have also failed to satisfy Federal Rule of Civil Procedure 9(b)'s requirement to plead their fraud claims with particularity, or even plausibly under *Twombly/Iqbal*. Indeed, despite presenting a late-filed Amended Complaint, the Wissers remain extremely short on details and it is unclear exactly how or when they claim to have been defrauded.

"'[T]o establish common law fraud, a plaintiff must prove:

(1) misrepresentation of material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the

12

misrepresentation; and (5) damage to the party defrauded as the proximate result.'" *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 225 n. 13 (3d Cir. 2008) (quoting *Colaizzi v. Beck*, 895 A.2d 36, 39 (Pa. Super. Ct. 2006)).

Rule 9(b) requires that a party "state with particularity the circumstances constituting fraud or mistake." "In order to satisfy Rule 9(b), a complaint must provide 'all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where, and how of the events at issue.'" *United States v. Eastwick College*, 657 F. App'x 89, 93 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)).

The Wissers lack such particularized factual allegations to support a cause of action for fraud or to show that Brown was acting outside the scope of his employment. The Wissers' claims lack critical details about the circumstances of the alleged fraud that any victim of an alleged fraud would reasonably be expected to know.[8] Their vague and innuendo-laden claims do not cogently set forth a fraud scheme.

---

[8]     As the Wissers confirmed at the January 21, 2022 status hearing in this case, they received copies of the 389 pages of documents already produced as discovery in their previous bankruptcy. Despite the Wissers' discovery complaints, the USDA documents address many of the issues they raise. The Wissers' Amended Complaint refers to U.S. Treasury checks. *See* Compl. at 4. The production includes copies of three loan checks from 2004 from the U.S. Treasury to Cathleen Wisser that she apparently also endorsed. *See* Ex. 6. Indeed, the checks total $150,000, which is the amount of the USDA's first farm loan to the Wissers in 2004. *See* Ex. 1, at 3-4 (Loan A) and 8-10 (Promissory Note 2004 Loan). Also, regarding the Wissers' allegation that USDA took money from payments from Land O' Lakes, the discovery also included an "Assignment of Proceeds from the Sale of Dairy Products and Release of Security Interest" whereby the Wissers signed and acknowledged that they assigned dairy payments from Land O' Lakes to USDA to repay their loans. *See* Ex. 7.

Among other things, there are no factual allegations that Brown (or anyone) made a knowing misrepresentation to the Wissers with the intent to deceive that caused them to take some action based on fraud. The Amended Complaint mentions foreclosure on the farm by the USDA. Compl. at 6. However, as this Court has previously noted and the Wissers' filings concede, the USDA did not foreclose on the Wissers' farm; the bank did. *See* Dkt. No. 13 at 17-25 (referencing *Northwest Bank v. Wisser*, Case No. 2016-C-2244 (Lehigh County Ct. Common Pleas)); Dkt. No. 15 at 1 n.1.

Otherwise, the Wissers do not allege that Brown took money directly from them. Indeed, they do not appear to seek restitution. Rather, the vague allegations appear to be that, on unspecified dates, Brown somehow defrauded the United States in connection with the Wissers' loans and intercepted those monies for his own benefit, which caused the Wissers' bankruptcies.[9] However, the government, not the Wissers, would have standing to assert claims if the United States had been defrauded—which it is not inclined to do because the government does not believe any such acts occurred. Indeed, USDA's records show only $510,000 disbursed in total on the Wissers' five farm loans (and not to Bruce Brown). So, the Wissers' bald claim that they were somehow "defrauded" out of close to $800,000 seems quite implausible.

---

[9] While the Wissers' farm loans are not being challenged in this case, this theory appears to be designed to undermine the Wissers farm loan debt by arguing they never received the loan funds.

The Wissers' allegations about the alleged seizure of their cow herd by fraud also lack particularity. The Wissers do not explain the circumstances of the cow herd seizure, and in any event, the allegations are contradicted by evidence in Court records. The Wissers fail to acknowledge that Bankruptcy Judge Ashely Chan ordered and supervised a sale of certain of the Wissers' cows upon the motion of the Chapter 7 Trustee, not the USDA. *See* Ex. 4. The Wissers did not appeal that order and cannot collaterally attack it now. Moreover, as Judge Mayer found, the Wissers also currently own a herd of 62 cows. Tr. at 3:10-11; 10:3-19. Thus, this claim not only lacks particularity, but also plausibility, and the Court should also dismiss the fraud claims for failure to state a claim.

### C.    The Wissers Do Not Show Any FOIA Requests, or Any Timely Administrative Exhaustion of Any FOIA Disputes.

The Wissers imply that they have made FOIA requests that have been denied. *See* Compl. at 1, 5-6. However, apart from vague mentions of FOIA, the Wissers provide no further detail on the alleged FOIA requests, including when and how they were made and/or denied. At most, the Wissers appear to mention certain documents requested and produced during their bankruptcies.[10] But discovery during bankruptcy proceedings is plainly not the same thing as a FOIA request. The Wissers fail to plausibly allege they were entitled to anything under FOIA.[11]

---

[10]    Of note, on August 17, 2021, Bankruptcy Judge Mayer granted USDA's motion to quash subpoenas directed at Bruce Brown and other USDA employees. Bankruptcy Case No. 20-14201 (Bankr. E.D. Pa.), Dkt. No. 127.

[11]    As the undersigned AUSA stated at the December conference, USDA has no record of any FOIA request from the Wissers, but he would investigate if the Wissers could provide details of any such requests. To date, the Wissers have not provided any information

In any event, even assuming that the Wissers had actually made FOIA requests, this Court also lacks subject-matter jurisdiction over the Wissers' FOIA claims because the Wissers fail to show timely administrative exhaustion. USDA has detailed regulations governing FOIA requests. 7 C.F.R. Part 1. Those regulations include procedures for administrative appeals of denials of FOIA requests, which are heard by different USDA officials than those who made the initial determination. 7 C.F.R. § 1.9. Any such appeal must be brought within 90 days of the date of the adverse determination. 7 C.F.R. § 1.9(b). The Wissers' Amended Complaint does not plead anything to show they availed themselves of USDA FOIA procedures, let alone that they timely appealed any alleged denials.

The Court has no jurisdiction to intercede in FOIA disputes where, as here, the requesting party cannot show that they exhausted their administrative remedies. *See*, *e.g.*, *Coates v. United States Dep't of Labor*, 138 F.Supp.2d 663, 666-68 (E.D. Pa. 2001), *aff'd* on administrative exhaustion and remanded to dismiss rather than grant summary judgment by 28 F. App'x 136 (3d Cir. 2002). Indeed, the USDA's FOIA regulations confirm as much: "Before seeking review by a court of a component's adverse determination, a requester generally must first submit a timely administrative appeal." 7 C.F.R. § 1.9(f). As the Wissers make no mention of any steps to timely administratively exhaust their alleged FOIA disputes, they have no basis to bring them to this Court.

---

regarding FOIA requests. Additionally, the undersigned AUSA noted at the conference that the Wissers would have to show administrative exhaustion. Their Amended Complaint fails to do so.

**D.      The Fair Debt Collection Practices Act Does Not Apply.**

The Wissers allege that USDA's efforts to collect its debts constitute violations of the Fair Debt Collection Practices Act. Compl. at 4. For two separate, but equally dispositive reasons, there is no subject-matter jurisdiction because this statute does not apply to the Wissers' farm loan debts to USDA. First, the act only applies to "debts" for "personal, family, or household purposes." 15 U.S.C. § 1692a(5). In other words, it does not apply to business debts, including farm loans like those here. *See*, *e.g.*, *Conklin v. Purcell, Krug & Haller*, Civil Case No. 05-1726, 2007 WL 404047, at *7 n. 5 (M.D. Pa. Feb. 1, 2007) (citing *Munk v. Fed. Land Bank of Wichita*, 791 F.2d 130, 132 (10th Cir. 1986)). Second, the definition of "debt collector[s]" to whom the act applies excludes "any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C). Therefore, the Fair Debt Collection Practices Act does not apply to Bruce Brown or any other USDA agent. [12]

Additionally, the Wissers' Fair Debt Collection Practices Act allegations are wholly conclusory. Thus, even if there were subject-matter jurisdiction, the Wissers would fail to state a claim.

---

[12]      The Wissers also vaguely mention purported documentation requirements under the Truth in Lending Act and certain USDA authorities, albeit without clear cites. Compl. at 8-9. These statutes do not appear to be invoked as independent causes of action, nor does it appear that they could be. The Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, also "does not apply to . . . [c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or to government or governmental agencies or instrumentalities . . . ."     15 U.S.C. § 1603(1). Nor do the Wissers reference any USDA authorities that establish some private cause of action.

### E.   The Wissers' Conclusory Constitutional Allegations Also Fail.

The Wissers allege "[t]he conduct of USDA and [its] agent Bruce Brown . . . constitutes common law fraud *as well as unconstitutional denial of equal protection and due process of law*." Compl. at 5 (emphasis added). Yet again, the Wissers fail to explain why or how there was a violation of these constitutional rights.

As to due process, Wissers fail to articulate what constitutionally protected life, liberty, or property interest was affected. *See Tundo v. County of Passaic,* 923 F.3d 283, 287 (3d Cir. 2019) (finding no protected property interest). The Wissers appear to base this on the foreclosure on their farm. Compl. at 6. However, again, the USDA and Brown did not foreclose on the Wissers' farm; the bank did. So, there is no deprivation of a protected property interest by USDA or Brown.

Even if the Wissers had shown an effect on an interest protected under the Due Process Clause of the Fifth Amendment, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldrige*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). The Wissers fail to state what specific action was taken against them by USDA for which they did not receive notice or the opportunity for a hearing. To the extent the Wissers are alleging actions relating to their bankruptcies, the Wissers had ample process through the bankruptcy court. To the extent their allegations relate to  FOIA, as explained above, the Wissers fail to show they availed themselves of the available (and required) administrative process.

As to equal protection, the Wissers' conclusory claim fails to allege any discrimination. "To state an equal-protection claim, Plaintiffs must allege (and ultimately prove) 'intentional discrimination.'" *Hassan v. City of New York*, 804 F.3d 277, 294 (3d Cir. 2015) (quoting *Washington v. Davis*, 426 U.S. 229, 241 (1976)). Other than invoking equal protection, the Wissers do not even make conclusory allegations that they were discriminated against in any manner. Even if the Wissers had articulated some type of differential treatment, under the general standard, any classification must be "rationally related to a legitimate governmental purpose." *Id.* at 298. Plaintiff bears the burden of demonstrating that the government does not satisfy rational basis review. *Id.* at 305. Like with their other claims, the Wissers have failed to meet their burden and thus they fail to plead an equal-protection claim.

## V.   CONCLUSION

During the two prior status conferences in this case, the Wissers were put on notice of the various deficiencies of their Complaint. For the reasons expressed above, their late-filed Amended Complaint fails to state a claim. And, for the fraud, FOIA, and Fair Debt Collection Practices Act claims, there is no subject-matter jurisdiction. Accordingly, the Court should dismiss the Amended Complaint with prejudice.

Respectfully submitted,

JENNIFER ARBITTIER WILLIAMS
United States Attorney

GREGORY B. DAVID
Chief, Civil Division

*/s/ Susan R. Becker*
SUSAN R. BECKER
Deputy Chief – Defensive, Civil Division

*/s/ Matthew E. K. Howatt*
MATTHEW E. K. HOWATT
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov


Dated:   March 23, 2022


20

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the

foregoing motion to dismiss to be served by electronic mail and first-class mail to:

Larry Wisser
Cathleen Wisser
8149 Bausch Road
New Tripoli, PA 18066
wassertim@yahoo.com

*Plaintiffs Pro Se*

/s/ *Matthew E. K. Howatt*
Matthew E. K. Howatt
Assistant United States Attorney

Dated: March 23, 2022

21