**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Larry Wisser and Cathleen Wisser,<br><br>            **Plaintiffs,**<br>    **v.**<br>Bruce Brown, et all**,**<br><br>            **Defendants.** | Case No. 5:21-cv-5017-EGS |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

NOW COME Plaintiffs, Larry Wisser and Cathleen Wisser, and file this, Plaintiffs' Response to Defendants' Motion to Dismiss and ask the Court to deny the motion in its entirety, or in the alternative, grant Plaintiff's counsel leave to amend the Complaint.

## A. INTRODUCTION

Plaintiffs filed their Complaint *pro se* as the result of a dispute regarding whether they received farm loans allegedly dispensed to them by the United State Department of Agriculture ("USDA"). An Amended Complaint followed, after which Defendants have filed the Motion currently before the Court. At issue are the validity and amount of the aforementioned farm loans. As stated in their Amended Complaint, Plaintiffs have sought an accounting of no less than $300,000.00 worth of these loans. While Plaintiffs' Complaint and Amended Complaint filed *pro se* lack the form and expertise of professionally produced pleadings, and while the presentation of their issue may be unorthodox, the substance of said issue remains evident. Regardless of the mechanism by which Plaintiffs may have been deprived of any of these loan proceeds, their efforts to obtain an accounting of these loans have been unfruitful. Plaintiffs are being held responsible for a certain loan balance, which is in question, and they are seeking resolution of this dispute.

At the outset, undersigned counsel acknowledges that the FOIA claim is not yet ripe for judicial review due to failure to exhaust administrative remedies. Counsel believes the other claims are properly raised at this time to survive 12(b)(6).

## B. ARGUMENT

In reviewing a motion to dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party. Wisniewski v. Johns Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985); Rogin v. Bensalem Twp., 616 F.2d 680, 685 (3d Cir. 1980).

The Third Circuit Court of Appeals has provided the appropriate standard of review for a motion to dismiss in light of the United States Supreme Court's decisions in Bell Atlantic Corporation v. Twombly, 550 U.S. 433 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009):

> "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).

If the complaint alleges enough facts to state a claim to relief that is plausible on its face, a court should deny the defendant's motion. Id.

The complaint shall only be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, 109 S. Ct. 2893, 106 L. Ed. 2d 195 (1989). In considering whether to dismiss a matter under Fed. R. Civ. P. 12(b)(6), a court "may consider *only* the allegations contained in the pleading to determine its sufficiency". Santomenno

ex rel. John Hancock Trust v. John Hancock Life Ins. Co. (U.S.A.), 768 F.3d 284, 290 (3d Cir. 2014).

Courts may consider "certain matters outside the pleadings," which are "cognizable on motion [to] dismiss" and "properly the object of strict judicial notice." Schwartz v. Commonwealth Land Title Ins., 374 F. Supp. 578 (E.D. Pa. 1974) (citing Hanley v. Donoghue, 116 U.S. 1, 6 (1885) and Gallup v. Caldwell, 120 F.2d 90 (3d Cir. 1941)). Additionally, "judicial notice may be taken of matters of common knowledge, that is, any fact 'so commonly known in the community as to make it unprofitable to require proof, as so certainly known as to make it indisputable among reasonable men." Id. (quoting C. McCormick, Law of Evidence § 324 (1954)).

In the case of pleadings filed *pro se*, all pleadings should be so construed "as to do substantial justice" following the well-held principle that *pro se* pleadings should be construed liberally by the courts. Alston v. Parker, 363 F.3d 229, 230 (3d Cir. 2004) (citing *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

Defendants' Motion opens with the assertion that Plaintiffs owe the USDA hundreds of thousands of dollars in loans, but states that the validity of those debts is not at issue here. In fact, the validity and amount of such debt is squarely at issue here. The Amended Complaint pleads throughout that the money that was the subject USDA loans was either not received or was misused by a USDA agent. Whether this can be proven is another matter—but the Complaint fairly raises issues that merit review.

The issue is so evidently raised that Defendants' Motion seeks to introduce a whole host of extrinsic records, to attempt to prove in their Motion that the loan balance is not at issue. In essence, they are attempting to litigate this issue by means of the Motion currently before the Court before the parties have had a proper opportunity to commence discovery.

The Motion to Dismiss for Failure to State a Claim does not provide an avenue for the moving party to introduce new evidence outside of the four corners of the Amended Complaint for purposes of litigating issues of fact. Defendants here have attempted to introduce no fewer than five (5) exhibits along with their Motion, which are not part of the record in this case as they are part of neither the Plaintiffs' Complaint nor Amended Complaint, and the Court can consider such evidence at this stage only under certain circumstances.

The information presented in these exhibits cannot be considered common knowledge generally known within the trial court's territorial jurisdiction. Fed. R. Ev. 201(b). Additionally, not all exhibits are not such that the Court should take judicial notice of them. The *sine qua non* for any judicial notice request is that the information sought to be noticed is of a character that is generally known, or cannot reasonably be disputed. Id. The Certification of Scope of Employment concerning Defendant Brown does not satisfy this standard. If the scope of his employment is at issue, that is not a matter to be litigated via the Motion currently before the Court. It is an issue to be explored through proper discovery, and its veracity certainly can be challenged as with any other evidence presented on the issue.

The impetus for this suit remains a request for an accounting of the aforementioned USDA loans for which they are being held responsible and which remain in dispute. Notwithstanding this, the Motion currently before the Court is deficient as stated above because of its attempt to introduce improper extrinsic evidence to the record, and Plaintiffs request that this Motion be denied in its entirety for these deficiencies.

Finally, in the alternative, undersigned counsel asks for leave to amend the Complaint to more clearly plead the accounting and declaratory judgment actions that are the gravamen of the underlying Complaint.

## C. CONCLUSION

Since Defendants' Motion to Dismiss seeks to introduce improper extrinsic evidence to the records beyond the four corners of Plaintiffs' pleadings, Defendants' Motion to Dismiss should be denied in its entirety. In the alternative, Plaintiffs respectfully request leave to amend their pleading to reflect an action for accounting relevant to the USDA loans which are in dispute.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

*/s/ Joel A. Ready*
Joel A. Ready, Esq.
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Defendants*