IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LARRY WISSER & <br> CATHLEEN WISSER <br><br> *Plaintiffs,* <br><br> v. <br><br> BRUCE BROWN & <br> UNITED STATES <br> DEPT. OF AGRICULTURE <br><br> *Defendants.* | 5:21-cv-5017-EGS |

REPLY IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS

JACQUELINE C. ROMERO
United States Attorney

GREGORY B. DAVID
Chief, Civil Division

SUSAN R. BECKER
Deputy Chief, Civil Division

MATTHEW E. K. HOWATT
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106
Tel:  215-861-8335
Fax:  215-861-8618
Matthew.Howatt@usdoj.gov

Dated:   July 5, 2022

**Contents**

I. INTRODUCTION ............................................................................................. 1

II. THE WISSERS FAIL TO SHOW JURISDICTION OR STATE A CLAIM. ..... 2

III. THERE IS NO REASON FOR ANY "ACCOUNTING" AT THIS TIME. ......... 5

IV. CONCLUSION ............................................................................................. 10

## I. INTRODUCTION

Despite being offered through counsel, Larry and Cathleen Wisser's Opposition brief ("Opp.") does not contest the United States Department of Agriculture's ("USDA") motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) ("Mot."), including having no response to USDA's position that there is no jurisdiction over the Wissers' core fraud claims. To the extent any jurisdiction exists, the Opposition does not provide anything that rehabilitates the Wissers' failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Unable to refute USDA's arguments, the Opposition instead impermissibly attempts to amend the Wissers' Amended Complaint to seek an "accounting" related to the Wissers' debts to USDA. But the Opposition offers no legal or factual basis for such an accounting, especially where the Wissers' other claims lack merit. Also, any attempt to challenge the Wissers' debts to the USDA is premature. The Wissers would have to exhaust the administrative or bankruptcy process before this Court would have subject-matter jurisdiction to review the amount of the debt. The amount of debt owing on the Wissers' USDA farm loans is a question for another day and another case.

For the reasons in the motion and below, the Court should dismiss with prejudice the Amended Complaint.

## II. THE WISSERS FAIL TO SHOW JURISDICTION OR STATE A CLAIM.

The Opposition fails to show that the Court has subject-matter jurisdiction or that the complaint states a viable claim. Accordingly, the Court should grant USDA's motion to dismiss.

As set forth in the motion, USDA interprets the Amended Complaint to assert five causes of action: (1) common law fraud; (2) improper denial of FOIA requests; (3) violation of equal protection and (4) due process under the Fifth Amendment to the United States Constitution; and (5) violations of the Fair Debt Collection Practices Act. Mot. at 6. The Opposition does not deny that characterization, beyond attempting to liberally construe the Amended Complaint to include an "accounting" claim (which is discussed below). However, the Opposition mischaracterizes the motion as seeking dismissal almost exclusively under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Opp. at 2.

As the motion makes clear, USDA primarily moves to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction for all of the claims except the constitutional equal protection and due process claims. USDA also moves to dismiss all the claims under Rule 12(b)(6) for failure to state a claim, including the two constitutional claims. Thus, if the Court agrees there is no subject-matter jurisdiction, then it need only consider whether the two constitutional claims state a claim.

In the Opposition, the Wissers' counsel "acknowledges that the FOIA claim is not yet ripe for judicial review due to failure to exhaust administrative remedies." Opp. at 2. However, the Wissers' "[c]ounsel believes the other claims are properly raised at this time to survive 12(b)(6)." *Id.* Nowhere does the Opposition address 12(b)(1) or subject-matter jurisdiction.

Accordingly, because the Wissers and their counsel fail to oppose the 12(b)(1) motion, the Court should grant that portion of the motion as uncontested. In particular, the Wissers and their counsel say nothing about the fraud allegations at the heart of their Amended Complaint. The Wissers' silence in this regard is dispositive because they, as plaintiffs, bear the burden of proving that jurisdiction exists. *Gould Elec. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *CNA v. United States*, 535 F.3d 132, 145 (3d Cir. 2008). Again, this lack of subject-matter jurisdiction disposes of all claims other than the two constitutional claims (which also fail under 12(b)(6) for reasons discussed below).

The Opposition incorrectly argues that the Court should deny the motion to dismiss because it includes matters outside of the pleadings. Opp. at 3-5. The Opposition particularly seeks to exclude the certification that Bruce Brown was acting within the scope of his employment with USDA. *Id.* at 4. But again, the Opposition fails to recognize that these matters are properly raised under Rule 12(b)(1). The Motion explicitly set forth (but the Opposition ignores) that under controlling Third Circuit law, in reviewing a factual attack to the Court's jurisdiction, *the Court may consider evidence outside the pleadings and*

3

*independently evaluate the evidence,* rather than assuming that the plaintiff's allegations are true. Mot. at 10 (*citing Gould Elec.*, 220 F.3d at176; *CNA*, 535 F.3d at 140 & 145; *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2000)); *see also* Mot. at 2 n. 1 ("USDA provides this as important context, which, as noted below, the Court can consider as part of USDA's motion to dismiss under Rule 12(b)(1)."). Moreover, as the motion also explained, the scope certificate is properly considered on a motion to dismiss. *See Schrob v. Catterson*, 967 F.2d 929, 935 (3d Cir. 1992); *Shaw v. United States Postal Servs.*, Civil Case No. 18-651; 2018 WL 5885900, at *7-8 (E.D. Pa. Nov. 9, 2018).

Because the Court can consider matters outside the pleadings, USDA included the other exhibits to support the certification and foreclose any attempt by the Wissers to rebut that Bruce Brown was acting within the scope of his employment. *See Schrob*, 967 F.2d at 935.[1] Apparently, the Court need not consider those additional exhibits because the Opposition seemingly does not dispute that Bruce Brown was acting within the scope of his federal employment.[2] Therefore, under the Federal Tort Claims Act ("FTCA"), the United States is substituted for Brown, and any claims against him personally are dismissed. 28 U.S.C. § 2679(b).

---

[1]   In any event, two of the exhibits, Ex. 3 and 4, and were orders from the Bankruptcy Court in the Wissers' bankruptcy cases that the Court could always consider as legal authorities, even on a 12(b)(6) motion.

[2]   The Opposition makes passing reference to needing discovery on the scope issue. Opp. at 4. But it provides no specific reason why the Wissers are entitled to or even need such discovery, especially where USDA produced to them hundreds of pages of USDA records regarding their farm loans. Where the Wissers do not even offer any argument why Bruce Brown was not acting within scope of his employment, the United States' decision that Brown was within scope stands unrebutted.

4

In turn, "fraud claims against the government are not permitted under the FTCA." *Beneficial Consumer Disc. Co. v. Poltonowicz*, 47 F.3d 91, 96 (3d Cir. 1995). Thus, the Court can dismiss all the fraud claims for lack of subject-matter jurisdiction, along with also dismissing the now-abandoned FOIA claim and the claim under the Fair Debt Collection Practices Act (which statute, as explained in the motion, does not apply to claims against the government or farm loans, *see* Mot. at 17).

Additionally, the Opposition provides no meaningful response to USDA's detailed claim-by-claim arguments as to why the Wissers' allegations fail to state a claim, including that the fraud claim lacks the necessary particularity as required by Federal Rule of Civil Procedure 9(b). *See* Mot. at 12-15. Of special note, the Opposition makes no mention of the constitutional equal protection and due process claims. Therefore, the Wissers do not show that they have adequately plead these constitutional causes of action—or any causes of action for that matter.

In sum, the Court has uncontested grounds upon which it can and should dismiss all the claims in the Wissers' Amended Complaint, with prejudice.

### III.   THERE IS NO REASON FOR ANY "ACCOUNTING" AT THIS TIME.

Unable to salvage the claims in the Wissers' Amended Complaint, counsel makes a last-ditch effort to focus now on "accounting and declaratory judgment" by amending the Wissers' pleadings, either by liberal construction of the existing Amended Complaint or by seeking leave to file a *second* amended complaint. Opp. at 4. But the Opposition demonstrates no need for an accounting or declaratory judgment at this time, nor could it. *First*, to the extent the accounting claim is

5

derivative of the foregoing claims, it too fails. Even leaving aside the lack of subject-matter jurisdiction, the Wissers have provided no plausible or particularized basis to support their core fraud allegations against USDA or Bruce Brown. *Second*, an accounting or declaratory judgment challenging the amount of the debt owed to USDA by the Wissers lacks subject-matter jurisdiction. There is no final agency decision rendered or administrative exhaustion on the Wissers' part. Therefore, the new accounting claim provides no basis to save the Wissers from dismissal.

In any event, the Opposition provides no legal authority to support that the Wissers are entitled to some type of accounting or declaratory judgment. Nor does it even make clear what it means by an "accounting."

The Third Circuit has explained that accounting is a type of equitable remedy, and "a form of equitable restitution." *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 419 (3d Cir. 2013). "Disgorgement and accounting for profits are essentially the same remedy." *Id.* "[D]isgorgement claims seek not to compensate for a loss, but to 'deprive wrongdoers of ill-gotten gains.'" *Id.* at 417 (citation omitted). For instance, one decision from this Court explains that an accounting action is proper where there is a contractual relationship, defendant breached that contract, and defendant had an obligation but failed to account to the plaintiff for monies due to the plaintiff. *Bristol Twnshp. v. Indep. Blue Cross*, Civil Case No. 01-4323, 2001 WL 1231708, at *3 (E.D. Pa. Oct. 11, 2001). However, certain courts also state that the equitable remedy of accounting "is available only when there is no adequate remedy at law." *Id.* (collecting cases).

6

The Wissers cannot satisfy this standard. The Wissers do not argue any breach of contract or that they had a contractual right to an accounting.[3] And as detailed in the motion and above, their fraud and other claims fail as a matter of law. Moreover, it is telling that the Wissers and their counsel fail to show any plausible wrongdoing even after having received 389 pages of USDA records, including various accounting records, in discovery during their previous bankruptcy action (which were also reproduced in this case). An equitable accounting is also not appropriate because the Wissers may avail themselves of the bankruptcy process (during which USDA's claim would be reconciled) or proceed through USDA's administrative process at the proper time—which is not now.

"Plaintiffs generally must exhaust administrative remedies. It is axiomatic that we cannot review 'issues that have not been passed on by the agency . . . whose action is being reviewed.'" *Kleissler v. United States Forest Serv.*, 183 F.3d 196, 200-01 (3d Cir. 1999) (citation omitted) (applying USDA exhaustion statute in 7 U.S.C. § 6912(e)). There is no final agency decision as to the Wissers' debt yet. USDA is not currently undertaking any affirmative action to collect any debt from the Wissers.[4]

---

[3] Nor could they raise breach of contract claims against the federal government in this Court because the Tucker Act requires such claims in excess of $10,000 to be brought in the Court of Federal Claims. 28 U.S.C. § 1491(a)(1); 28 U.S.C. § 1346(a)(2).

[4] As the undersigned AUSA has previously made clear during status hearings, if the bank's foreclosure sale of the Wissers' farm closes, USDA would receive any residual distributions on account of USDA's second-lien interest in the farm. Any amount received by USDA would affect the remaining debt owing by the Wissers. Upon information and belief, that foreclosure sale is currently on hold because the Wissers are challenging it in state court.

In fact, USDA is currently under a national COVID moratorium on all affirmative debt collection of farm loans.[5] Only after that moratorium lifts and USDA issues a demand notice would the Wissers have the opportunity to challenge the debt administratively. *See* 7 C.F.R. § 766.103(b)(2) (USDA "will notify the [delinquent] borrower by certified mail of . . . the borrower's right to request reconsideration, mediation and appeal in accordance with 7 C.F.R. parts 11 and 780.").

"The applicable statute, 7 U.S.C. § 6912(e), explicitly requires that a person exhaust all administrative appeal procedures established by the Secretary of Agriculture or required by law before the person may bring an action in a court of competent jurisdiction against the Department of Agriculture." *Farmers & Merchants Bank of Eatonton, Georgia v. United States*, 43 Fed. Cl. 38, 40 (1999); *see also* 7 C.F.R. § 780.1 *et seq* (setting forth USDA appeals procedures); 7 C.F.R. § 780.4(a)(1)(i) (appeals procedures apply to decisions regarding USDA farm loan servicing). The administrative process would ultimately include seeking a hearing before the administrative law judges at the USDA National Appeals Division. 7 U.S.C. § 6999; 7 C.F.R. § 780.6(b)(3); 7 C.F.R. § 11.13(b) ("An appellant may not seek judicial review of any agency adverse decision appealable under this part without receiving a final determination from the [USDA National Appeals] Division pursuant to the procedures of this part."). Consequently and contrary to the

---

[5]  https://www.fsa.usda.gov/news-room/news-releases/2021/usda-temporarily-suspends-debt-collections-foreclosures-and-other-activities-on-farm-loans-for-several-thousand-distressed-borrowers-due-to-coronavirus

8

Wissers' request, this Court need not, and cannot as a matter of subject-matter jurisdiction, jump that administrative process before it even starts.[6]

Accordingly, the Wissers cannot assert an accounting action at this time. There is no need to construe the current Amended Complaint to assert such premature claims or to grant leave to replead when the Wissers can raise claims regarding the amount of their debt in the future when they ripen.

---

[6] As noted in the motion, the Wissers previously acknowledged the amounts of the five loans when each of those loans was restructured at the Wissers' request and for their benefit. *See* Mot. at 12 (citing Ex. 1 & 2). While the Court need not decide this issue today, the Wissers may be barred from challenging loan amounts that they affirmed.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss the Wissers' Amended Complaint with prejudice.

    Respectfully submitted,

    JACQUELINE C. ROMERO
    United States Attorney

    */s/ Gregory B. David*
    GREGORY B. DAVID
    Chief, Civil Division

    SUSAN R. BECKER
    Deputy Chief, Civil Division

    */s/ Matthew E. K. Howatt*
    MATTHEW E. K. HOWATT
    Assistant United States Attorney
    615 Chestnut Street, Suite 1250
    Philadelphia, PA  19106
    Tel:  215-861-8335
    Fax:  215-861-8618
    Matthew.Howatt@usdoj.gov

Dated:   July 5, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing reply to be electronically served by CM/ECF upon:

Joel A. Ready
Cornerstone Law Firm
Blandon, PA
joel@cornerstonelaw.us

*Counsel for the Plaintiffs*

                                                /s/ *Matthew E. K. Howatt*
                                                Matthew E. K. Howatt
                                                Assistant United States Attorney

Dated: July 5, 2022